UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Richi Briones,<br><br>               Plaintiff,<br><br>v.<br><br>Dr. Exum; et al.,<br><br>               Defendants. | Case No. 2:23-cv-00417-APG-DJA<br><br>**Order** |

      Before the Court is Plaintiff's motion for leave to amend his complaint. (ECF No. 40). No party responded to the motion. Because courts in the Ninth Circuit liberally grant leave to amend and because no party responded, the Court grants Plaintiff's motion to amend.

      As a preliminary matter, the deadline to amend pleadings or add parties passed on June 24, 2024. (ECF No. 36 at 2). Because the deadline passed, the Court's analysis begins under Federal Rule of Civil Procedure 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Federal Rule of Civil Procedure 15(a)'s "liberal amendment policy[,]…Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted).

      Although Plaintiff did not reference Rule 16(b) in his motion to amend, the Court nonetheless finds that Plaintiff has demonstrated good cause to extend this deadline and for the Court to consider the merits of his motion to amend. Indeed, in the parties most recent stipulation for extension of time dated June 21, 2024, they indicated that "the current amended pleading

deadline is June 24, 2024, but additional discovery is needed in order to provide specific information in the amended complaint that counsel for Plaintiff[] ha[s] a good faith basis to believe is within the possession or knowledge of either or both Defendants." (ECF No. 37). However, the parties failed to include an extension for the deadline to amend pleadings or add parties in their stipulation. This failure appears to be an oversight. The Court thus considers the merits of Plaintiff's motion to amend.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that courts should apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Additionally, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. LR 7-2(d). Considering the strong public policy in favor of permitting amendment, the Ninth Circuit's caution to apply Rule 15(a) with extreme liberality, and that no party filed a response, granting leave to amend is appropriate here. The Court thus grants Plaintiff's motion to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 40) is **granted**. Plaintiff shall file and serve his amended complaint as required under Local Rule 15-1.

DATED: November 6, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE